June 13th, 1906.

———o———

No. 3970.

(Court of Appeal, Parish of Orleans.)

C. H. LAWRENCE & CO. vs. P. GRAHAM & CO.

Issue of fact only is involved herein.

Appeal from Civil District Court, Division "A."

B. T. Waldo, for Plaintiff and Appellee.

Rufus E. Foster, for Defendant and Appellant.

MOORE, J. The parties to this suit are wholesale grocers

in the City of New Orleans, plaintiffs being likewise the agents and representatives in said City of the Houston Packing Company, a manufacturer of a lard known as the "Orange Brand."

Defendants had for a long while made repeated purchases of this brand of lard from the plaintiff, all these transactions being made through one P. A. Best an employee or broker of plaintiffs.

On the 1st day of Feby., 1905, and in the usual course of dealing between these parties, the defendant gave to Best an order for 25 tierces of lard of the "Orange Brand" for prompt delivery, the price stipulated being 4 1-4 cents per pound.

Some few days having elapsed and no lard being forthcoming, Best, in order to help defendants out authorized defendants to draw on plaintiffs, to Packing Company's agents, for ten tierces, the understanding and agreement being that the lard would be charged at 4 3-8 cents per pound, lard having advanced in price since the order was given for the 25 tierces, but that defendants should have the option of keeping same at the said price or of returning a like quantity to plaintiffs out of the 25 tierces to arrive when they shall have been received by defendants. Defendants thereupon sent for and received from plaintiffs 10 tierces of lard and were billed therefor at 4 3-8 cents. When the bill was received defendants notified the plaintiffs, through the employee of the latter who presented the bill, that they would exercise their option to return the lard in kind and would do so out of the 25 tierces when received.

It apears that owing to some disarrangement in the machinery of the Houston Packing Co's. plant this, and other shipments could not be promptly made and that company wired its agents here, the plaintiffs, to fill all orders out of the stock on hand in plaintiff's possession. Plaintiffs wired back that they could not do so as they held no lard for the Packing Company's account forasmuch as they had taken to their own account all the lard shipped to them and unsold at the then market price and that they had no lard on hand at that time at all which the evidence fully verifies. Defendants order for the 25 teirces was never filled and when payment was again demanded of them by the plaintiffs for the 10 tierces it was refused and suit followed.

452

The plaintiff's contention is that they are not bound by Best's representations and agreements with defendants; that they were not advised that the latter had ever given any order to Best for 25 tierces of lard; that Best had sent the order over their heads direct to the Packing Company, and was therefore acting as the agent of the Packing Company and not as the agent of the plaintiffs and that hence the transaction concerning the 10. tierces of lard is an ordinary and independent contract of purchase and sale at the regular market price for the lard, and that they are entitled to recover the price therefor.

That Best in sending the order in over the heads of plaintiffs, and the Packing Co. in taking this order which did not come through its regular agents, acted in bad faith may not be doubted; and that plaintiffs were not advised by Best of this dealing with defendants is abundantly established by the evidence. But it is equally as well established that the defendants believed, and had reason to justify that belief, that they were dealing directly with the plaintiffs in this transaction as in all others of like character. The relations between plaintiffs and Best had not changed, when this transaction was entered into.

Best was still their employee or broker and they were still the agents of the Houston Packing Company. Defendants order for the 10 tierces of lard as authorized by Best was promptly honored by plaintiffs and the price charged was that agreed on and fixed by Best. To defendants notification that the lard would be returned in kind no objection was raised by plaintiffs until some time later. But defendants never received their shipment of 25 tierces and have never made any tender of 10 tierces in return for those received from plaintiffs. Having kept the lard and never having offered to return it in kind they must pay plaintiffs for it; but the defendants cannot be made to pay for the same at a greater price than that agreed on with plaintiffs representative, Best, which is 4 1-4 cents per pound. At this figure plaintiffs claim would be reduced to $172.63. The judgment appealed from was for an amount based on 4 3-8 cents per pound, and it will be, therefore, amended accordingly.

453

It is therefore ordered, adjudged and decreed that the judg-ment appealed from be and the same is hereby amended by reducing the principal amount allowed therein to the sum of one hundred and seventy-two 63-100 dollars. The costs of the lower Court to be taxed against the defendants and those of this Court against the plaintiffs and appellees, and as thus amended the judgment is affirmed.